313 A.2d 640.

STATE *vs.* DAVID FRANCIS KING, JR.

JANUARY 7, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. On June 5, 1967, the grand jury returned an indictment charging the defendant with manslaughter. After trial in Superior Court, a jury on May 29, 1969, returned a verdict finding the defendant guilty as charged. On June 3, 1969, the defendant filed a motion for a new trial, which motion was granted on July 1, 1969. The defendant was continued on bail.

On July 3, 1969, the state filed notice of its intention to prosecute a bill of exception to the granting of the motion for a new trial. The trial justice set September 2, 1969 as the time within which the state had to file its bill of exception and transcript of evidence. The transcript was delivered to the state in the spring of 1970. No requests for

extensions of time to file the bill and transcript were ever made.

On November 24, 1971, defendant filed a motion to dismiss the state's notice of intention to prosecute a bill of exception on the ground that the state had failed to act, and a motion to dismiss the indictment on the ground that he had not been afforded his right to a speedy trial guaranteed to him by the sixth amendment of the United States Constitution and art. I, sec. 10 of the state constitution.

On January 10, 1972, after hearing, the trial justice granted defendant's motions. At the same time, the state's bill of exception to the granting of the motion for a new trial and the transcript of the proceedings were filed and allowed out of time.

On March 1, 1972, this court entered an order granting defendant's motion to dismiss the state's appeal from the decision granting a new trial without prejudice to the right of the state to prosecute an appeal from the dismissal of the indictment. *State* v. *King,* 109 R. I. 950, 287 A.2d 641 (1972).

On September 12, 1972, a bill of exception[1] to the dismissal of the indictment and the transcript were filed and allowed. The issue before us is whether defendant was denied his right to a speedy trial. In deciding this issue, we are guided by *Barker* v. *Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *Tate* v. *Howard,* 110 R. I. 641, 296 A.2d 19 (1972).

In *Barker,* Mr. Justice Powell observed that the right to a speedy trial is a relative one and the determination of the time within which trial must be had to satisfy the guarantee to defendant is dependent upon the facts and circumstances

---

[1]As of September 1, 1972, appellate review is taken by appeal rather than by bill of exceptions. Public Laws 1972, ch. 169, secs. 10 and 11. We will therefore consider the state's bill of exception as an appeal.

of each particular case with due consideration given to the following four elements:

1. Length of delay
2. Reason for the delay
3. Assertion of one's sixth amendment right
4. Prejudice to the accused.

*See also Tate* v. *Howard, supra* at 648, 296 A.2d at 23-24.

### LENGTH OF DELAY

There was a delay of two years, four months, and twenty-four days between the granting of defendant's motion for a new trial and the filing of defendant's motions to dismiss the state's bill of exception and the indictment. This delay was unreasonably long, particularly because defendant had already been convicted once of a serious crime and was awaiting a new trial.

### REASON FOR THE DELAY

The reason for the delay was the state's negligence in prosecuting its bill of exception to the trial justice's granting of the motion for a new trial. After the state filed its notice of intention to file a bill of exception on July 3, 1969, it ordered the transcript of the trial which was delivered in the spring of 1970. Yet, no bill of exception was filed until the initial hearing on defendant's motion to dismiss the notice of intent to file a bill of exception and the indictment on December 10, 1971, more than one and a half years later.

### ASSERTION OF ONE'S RIGHT TO A SPEEDY TRIAL

The defendant made no motion for a speedy trial from the time his motion for a new trial was granted on July 1, 1969 until November 24, 1971. There is nothing in the record to indicate any reasons why no motion for a speedy trial was made until that time. In his brief, defendant submits that no motion was filed because the state's appeal would have made it futile. The state claims that defendant was content to let the matter lie.

## Prejudice to the Accused

The defendant was prejudiced by the delay in that he was forced to live under a cloud of anxiety and suspicion and his defense was impaired. In *Barker,* the Court recognized that an accused out on bail pending trial is disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility. There is no doubt that this disadvantage is compounded when an accused is out on bail pending a new trial after he has been convicted of the same crime, as is the case here. The Court also recognized in *Barker* that prejudice exists if defense witnesses are unable to recall accurately events of the distant past. This "effect" or "prejudice" is also compounded when defense witnesses have testified once and are later unable to recall accurately the original events, as such lapses leave them open to self-contradiction and impeachment by prior inconsistent statements at the second trial. In this case, defendant submitted an affidavit from two of his witnesses in the original trial stating that they could no longer accurately recall the events of almost six years before. These witnesses were his wife and a friend who testified that defendant was not present at the time when, according to the state's expert medical witness the alleged injury to his daughter happened. Obviously, this testimony was critical to defendant, and the witnesses' inability to accurately recall these events caused by lapse of time prejudices his case.

The state relies heavily on *Barker* because the Court held that the defendant had not been denied his right to a speedy trial. However, the Court made it clear that the deciding factor was the defendant's desire to avoid trial, evidenced by his acquiescence in the major delays involved. Here, there is no indication that defendant desired to avoid trial.

The state also relies on *Tate* where the defendant "was

figuratively banging on the courthouse doors asking that he be heard." Here, defendant made no such demands. However, assertion of one's right to a speedy trial is only one of four factors to be considered. If failure to assert is outweighed by the other factors, then the accused has been denied his right to a speedy trial. *See United States* v. *Mann,* 291 F. Supp. 268 (S.D. N.Y. 1968), cited with approval in *Barker v. Wingo, supra* at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118.

In balancing the above factors, we find that the defendant was denied his right to a speedy trial. The delay of over two years was unreasonably long, it was due to the state's negligence in prosecuting its notice of intent to file a bill of exception to the trial justice's granting of the new trial, and it prejudiced the accused by forcing him to live under a cloud of anxiety, suspicion, hostility and impairing his defense. These factors outweigh the defendant's failure to assert his right to a speedy trial.

The state's bill of exception is denied and dismissed, and the case is remitted to the Superior Court.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Philip Weinstein,* Special Asst. Attorney General, for plaintiff.

*Anthony E. Grilli,* for defendant.