320 A.2d 103.

STATE *vs.* STEPHEN G. ROLLINS.

JUNE 5, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

heard and appeal denied and dismissed, and case remitted to Superior Court.

DORIS, J. On July 8, 1971, the defendant, Stephen G. Rollins, while serving a sentence at the Adult Correctional Institutions, was charged with the possession of a hypodermic needle and syringe adapted for the use of habit forming drugs by subcutaneous injection in violation of G. L. 1956 (1968 Reenactment) §21-28-33. The defendant was arraigned on the charge in the District Court on July 20, 1971. The defendant entered a plea of not guilty, bail

was set, and the case was continued to August 10, 1971, for trial. After a series of continuances, the defendant, on November 2, 1971, was adjudged probably guilty and bound over to the grand jury.

The grand jury returned an indictment against defendant on January 21, 1972. On February 1, 1972, in the Superior Court, defendant was arraigned on the indictment, entered a plea of not guilty and filed a request for a speedy trial. The case was assigned for trial to March 6, 1972, on which date it was continued to April 7, 1972, and then to June 7, 1972. On June 27, 1972, defendant filed a motion for a speedy trial.

On November 10, 1972, trial was held to a Superior Court justice sitting with a jury. Immediately prior to trial, a motion by defendant to dismiss the indictment on the ground that he had been denied a speedy trial was denied by the trial justice. The jury returned a verdict of guilty. The trial justice imposed a sentence of five years at the Adult Correctional Institutions, execution of which was suspended, and defendant was placed on probation for a period of five years from and after the expiration of the sentence he is now serving. The defendant seasonably filed his appeal to this court.

The sole issue before us is whether or not defendant was denied his constitutional right to a speedy trial. The defendant contends that the delay of trial on the indictment for a period of sixteen months after his arrest and almost ten months after the indictment was returned by the grand jury was a denial of his right to a speedy trial.

The right of a defendant to a speedy trial is guaranteed by the Declaration of Rights of the Rhode Island constitution, art. I, sec. 10, and by the sixth amendment of the Constitution of the United States made applicable to the states pursuant to the fourteenth amendment. *Tate* v. *Howard*, 110 R. I. 641, 296 A.2d 19 (1972); *Orabona* v.

*Linscott,* 49 R. I. 443, 144 A. 52 (1928); *Klopfer* v. *North Carolina,* 386 U. S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

The criteria to be applied in determining whether a defendant has been denied his right to a speedy trial were established in *Barker* v. *Wingo,* 407 U. S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and followed by this court in *State* v. *King,* 112 R. I. 581, 313 A.2d 640 (1974), and *Tate* v. *Howard, supra.*

In *Barker,* Mr. Justice Powell pointed out that the right to a speedy trial is a relative one and that the determination of the time within which trial must be had to satisfy the guarantee to defendant is dependent upon the facts and circumstances of each case with due consideration to the following four elements:

1. Length of delay
2. Reason for delay
3. Assertion of one's sixth amendment right
4. Prejudice to the accused.

### Length of Delay

As stated previously, defendant was arrested on July 8, 1971, and trial commenced on November 10, 1972. The delay was approximately sixteen months, six and one-half months of which were in the District Court prior to the return of the indictment by the grand jury, and nine and one-half months of which were in the Superior Court following the return of the indictment.

### Reason for Delay

The record discloses that defendant was arraigned in the District Court on July 20, 1971, and the case was continued to August 10, 1971. It was then continued successively to August 24, 1971, September 14, 1971, and November 2, 1971, on which latter date defendant was adjudged probably guilty and bound over to the grand jury.

The record does not reveal any reason for the delay in the District Court, nor has the state or defendant advanced any reason therefor. The grand jury returned the indictment against defendant on January 21, 1972.

On February 1, 1972, defendant was arraigned in the Superior Court and the case was assigned for trial to March 6, 1972, on which date it was continued to April 7, 1972.

The record fails to disclose any reason for the case not being heard on those dates. The case was assigned for trial to June 7, 1972, but was not heard because no judge was available, although both the state and defendant indicated they were prepared to proceed.

The case was reached for trial on November 10, 1972, on which date defendant's motion to dismiss the indictment because of denial of his right to a speedy trial was denied by a Superior Court justice.

### Assertion of One's Right to a Speedy Trial

The record indicates that defendant, when arraigned on February 1, 1972, filed a request for a speedy trial. On June 27, 1972, defendant filed a written motion for a speedy trial. Although it cannot be said that defendant was clamoring for a trial, it is nevertheless clear that defendant was asserting his right to a speedy trial.

### Prejudice to the Defendant

The remaining inquiry under *Barker* is whether or not defendant has been prejudiced by the delay. There the Court listed three ways by which the defendant might be prejudiced by the delay: by lengthy pretrial incarceration, by a substantial impairment of his defense, and by being subjected to public scorn and personal anxiety.

Here, defendant was serving a six-year sentence for robbery at the time he was awaiting trial on the charge. He therefore cannot be said to have been suffering any lengthy

pretrial incarceration since he would have been in custody in any event. As to whether defendant was suffering any concern or anxiety, he cannot be said to have been suffering any public scorn since as we have stated he was already separated from the public as he was serving a sentence for an unrelated crime. The defendant does not allege that the delay deprived him of any witnesses who might have testified in his defense, but contends only that the delay had rendered it difficult for him to relate the relevant facts accurately and clearly after a long period of time. The transcript of the trial discloses that in his testimony, defendant was very accurate in relating his activities on the entire day in question and offered a complete description of his cell and its contents. The only perceivable anxiety suffered by defendant would appear to be apprehension regarding the ultimate outcome of the trial which is no different from the anxiety suffered by every accused awaiting trial. We are persuaded that prejudice to defendant, if any does exist, is minimal.

The defendant in contending that he is deprived of his guarantee of a speedy trial relies almost solely on the fact that a delay existed between the time of his arrest and his trial. The passage of time, standing alone, does not justify a holding that the guarantee to a speedy trial has been violated. *United States* v. *Daley,* 454 F.2d 505 (1st Cir. 1972). Upon the facts and circumstances, and in the absence of any prejudice, we are constrained to conclude that the defendant was not deprived of his right to a speedy trial.

The defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court.

Mr. Chief Justice Roberts did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Paul E. Kelley,* Asst. Public Defender, for defendant.