375 A.2d 933.

STATE *vs.* GRACE C. CRESCENZO.

JULY 19, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin and Doris, JJ.

664

PAOLINO, J. This is an appeal from a judgment denying postconviction relief sought on the basis of the defendant's claim that she was deprived of her constitutional right to a speedy trial.

On November 29, 1968, a secret indictment charging Grace C. Crescenzo with embezzling was handed down by the grand jury. She was tried and convicted on that charge in December 1972. Ms. Crescenzo appealed that conviction to this court on a number of grounds, including denial of a speedy trial. In an opinion denying her appeal, we did not reach the issue of a speedy trial because of the inadequacy of the record before us. *State* v. *Crescenzo*, 114 R.I. 242, 251, 332 A.2d 421, 427 (1975). The defendant then sought postconviction relief, and after a hearing on this issue, a justice of the Superior Court found no such denial of her right to a speedy trial. It is from the judgment entered pursuant to that decision that defendant now appeals.

This court has repeatedly stated that the right to a speedy trial under our State and Federal Constitutions is a relative one and must be examined within the framework of the particular case. *State* v. *McDonough*, 115 R.I. 383,

347 A.2d 41 (1975); *State* v. *Rollins,* 113 R.I. 280, 320 A.2d 103 (1974); *State* v. *Crapo,* 112 R.I. 729, 315 A.2d 437 (1974); *State* v. *King,* 112 R.I. 581, 313 A.2d 640 (1974); *Tate* v. *Howard,* 110 R.I. 641, 296 A.2d 19 (1972). Such an examination is to be made with an eye to balancing the four factors set out by Mr. Justice Powell in *Barker* v. *Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); (1) length of delay; (2) reason for delay; (3) assertion of one's right to speedy trial; and (4) prejudice to the accused. As always, the application of these factors and their weighing is not an easy task.

The defendant claims the delay of 4 years between her indictment and trial is presumptively prejudicial. We note, however, that "[t]he passage of time, standing alone, does not justify a holding that the guarantee to a speedy trial has been violated." *State* v. *Rollins, supra* at 284, 320 A.2d at 106, relying on *United States* v. *Daley,* 454 F.2d 505 (1st Cir., 1972). The length of delay is one factor among the four, albeit the triggering one. *Barker* v. *Wingo, supra* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *State* v. *Crapo, supra* at 734, 315 A.2d at 440.

The next factor to be weighed must be the reason for delay. From the testimony below of prosecuting attorneys who handled this case for the state, certain basic reasons for delay emerge. The case was first assigned to the attorney who had presented it to the grand jury. His simultaneous assignment to another long and complex criminal trial, however, precluded extensive work on Ms. Crescenzo's case. Thus, the state's position is that priority should be given to what it sees as more serious offenses. As we have stated before and once again emphasize, a backlog of cases or the normal precedence given to more serious crimes cannot suspend the accused's right to a speedy trial. *State* v. *Palmigiano,* 111 R.I. 739, 741, 306 A.2d 830, 832 (1973); *Tate* v. *Howard, supra.* When the first prosecutor

to whom the case was assigned left his position in the Attorney General's office, the case was assigned to a second attorney who had had experience in preparing civil cases of a complex financial nature. Another reason for delay is offered: that the case was complex and required long and careful preparation. This attorney subsequently left the Attorney General's office, and the case was assigned to the third prosecutor, who represented the state at trial. He, too, encountered delaying factors. At this juncture of the case, he discovered that certain original documents which were to be used by the state were missing and that the investigating officer had died.

We find no deliberate attempt by the state to delay trial so as to hamper the defense. The other "more neutral" reasons for delay, such as the need to try other pressing cases and a certain degree of administrative shuffling in the assigning and handling of this case, are the responsibility of the state not the defendant and must be so weighed. *Barker* v. *Wingo, supra* at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

The state however does not bear sole responsibility for the delays which occurred in this case. After the defense made a motion to quash on May 26, 1969, both sides were allowed 3 weeks in which to prepare memoranda. This was not done by the prosecution. Nor was it done by the defense *in support of its own motion.* The defense also felt unable to go to trial prior to a tangible evidence viewing which occurred on November 4, 1969. That the defense found this viewing inadequate was not mentioned until defendant's motion to dismiss on grounds[1] of that inadequacy was filed on June 26, 1972. Defense counsel testified below that he had, from the inception of the case,

---

[1] An alternative ground, denial of a speedy trial, was given for this motion. This aspect will be discussed in the context of the defendant's assertion of this right.

planned on the assistance of another attorney "of counsel"; no entry of appearance by this attorney was made until November 1972. Further continuances between June 1972 and trial the following December were granted at the request of the defense.

We must next examine defendant's assertion of her right to a speedy trial. The defendant and her attorney testified that she kept after him for news about her case. Both also say she neither requested nor authorized delays. However, this concern for progress was expressed in no way on the record before us to either the prosecution or the court until June 1972. If in *Tate* v. *Howard, supra,* the defendant was "banging at the courthouse doors," defendant in this case may be said to have tapped once, in the alternative. The 2-page June 1972 motion to dismiss concludes as follows:

> "The defendant therefore never having received all orders of the Court, the defendant holds that she is prejudiced by the wilful calculated delaying action by the State and *also motions in the alternative to dismiss on the grounds that the defendant has been denied a speedy trial.*" (Emphasis added.)

While failure to assert, or assert strongly, the right to a speedy trial is not fatal to a demonstration of a denial of that right, it is one of the factors to be weighed. *State v. McDonough, supra* at 391, 347 A.2d at 45. In this case it cannot be said to weigh in defendant's favor.

We must weigh, lastly, the prejudice which defendant may have suffered as a result of the delay.

> "[D]elay between arrest, indictment, and trial * * * may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States* v. *Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 478 (1971).

668

The defendant in this case claims to have suffered each of these examples of prejudice.

Ms. Crescenzo has not been imprisoned. She asserted in the hearing below that she felt restrained by her release on personal recognizance; although not so instructed by anyone, she felt she was not able to leave the state since her arraignment. She has shown neither desire nor need to travel, and how this feeling has seriously intefered with her liberty has not been shown. She also claims that her employment was disrupted in that she lost her long-held job and was unemployed for 6 months thereafter. She was discharged from her employment on April 1, 1968, more than 7 months prior to her indictment; her period of unemployment also occurred within this period. For reasons we will discuss below, we do not find this "prejudice" to be the result of delay in her trial.[2]

The defendant also blames her inability to secure credit, the fact that her subsequent jobs were at a lower salary, and other such examples of financial strain on the delay of her trial. The first denial of credit came while she was unemployed; the second occurred after the foreclosure on her mortgage. We are not told by how much Ms. Crescenzo's salary fell; we do know, however, that she had the mobility to secure a higher paying job when she sought it. While we do not here examine each item in defendant's litany, we have considered each of her assertions and claims. None of these examples is necessarily tied to delay, and we are shown little to indicate such a connection, beyond defendant's conclusions. Weighing all four of the *Barker* factors as applied to the case at bar, we find no reason to disturb the trial justice's findings on the issue of speedy trial.

---

[2]She also fell behind in mortgage payments prior to indictment, and we do not find the foreclosure on her house shortly after arraignment on December 2, 1968 to be evidence of prejudice resulting from delay.

The defendant raises other issues as well on this appeal. The defendant claims error in the trial justice's refusal to admit evidence of what she characterizes as prejudicial events occurring prior to her indictment. This evidence dealt primarily with the loss of her job with the law firm from which she embezzled funds and her subsequent financial difficulties. She was fired on April 1, 1968, as the result of an examination of her recordkeeping by members of the firm. *State* v. *Crescenzo, supra* at 248, 332 A.2d at 426. The trial justice ruled this irrelevant to the hearing on the speedy trial issue, and we agree with his ruling.

As the Court pointed out in *United States* v. *Marion, supra,* the speedy trial protection of the sixth amendment may be invoked by those accused within a criminal prosecution. "These provisions would seem to afford no protection to those not yet accused * * *." *Id.* at 313, 92 S.Ct. at 459, 30 L.Ed.2d at 474. Application of the state constitution's guarantee to this right also requires the instigation of prosecution. R.I. Const. art. I, §10. *Avella* v. *Almac's Inc.,* 100 R.I. 95, 211 A.2d 665 (1965), and cases cited therein. The defendant cites *Dillingham* v. *United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975), as an expansion of *Marion* to preindictment stages, thus supporting her recitation of preindictment prejudice. In *Dillingham,* however, the defendant had been arrested, and so was formally accused by the Government, 22 months prior to indictment. In the instant case, indictment was the first move in the prosecution; no action prior to this "accusation" is relevant to defendant's right to a speedy trial.

Ms. Crescenzo further contends that she was denied due process as a result of delays during her attempts to secure postconviction relief and that it would be a denial of equal protection to find that the 4-year delay between indictment and trial was not in violation of the speedy

trial provisions of our State and Federal Constitutions. Nothing in the record before us shows the postconviction delays in this case to be unusual, deliberate or prejudicial. Nor is there any showing, beyond bold assertion, that her right to due process was violated. In relation to the speedy trial provisions, the facts of the instant case differ significantly from those cases on which the defendant rests her argument, and we find no support for this claim in either the facts or the law as presented. We find no merit in either of these contentions.

The defendant's appeal is denied and dismissed.

Petition to reargue denied.

Mr. Justice Kelleher did not participate.

*J. Joseph Nugent,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *Nancy Marks Rahmes,* Special Asst. Attorney General, for defendant.