**STATE**

**v.**

**Michael ALLAN.**

**No. 79–436–C.A.**

Supreme Court of Rhode Island.

Aug. 5, 1981.

Dennis J. Roberts, II, Atty. Gen., Melanie W. Spencer, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, David L. Martin, Janice M. Weisfeld, Asst. Public Defenders, for defendant.

## OPINION

SHEA, Justice.

In this case the defendant, Michael Allan, appeals from his conviction after a jury trial in the Superior Court. He was charged with delivery of a controlled substance, marijuana, to an undercover police officer in violation of Schedule I of G.L. 1956 (1968 Reenactment) § 21–28–2.08 and § 21–28–4.01(A)(2)(a), as enacted by P.L. 1974, ch. 183, § 2.

The defendant was arraigned in the Superior Court on September 9, 1976, and released on $2,000 personal recognizance. Twelve days later he filed a motion for a speedy trial. On May 28, 1979, defendant, through counsel, called the case ready for trial before a justice of the Superior Court. Later, on June 1, 1979, he filed a motion to dismiss based on the alleged failure of the state to afford him a speedy trial.

On June 6, five days before the trial commenced, defendant filed a motion to continue the case until September 5, 1979. He asserted that an important defense witness was out of the country in military service and would not be available until the September date. This motion for a continuance was not actually brought to the attention of the trial justice until June 8, the date the trial began. The motion was argued and denied by the justice along with the motion to dismiss for lack of a speedy trial.

The denial of the motion to dismiss on the speedy-trial issue and the denial of the motion for a continuance are the basis for this appeal. No appeal has been taken from the denial of defendant's motion for new trial.

At trial, Salvatore Lombardi, a special police officer for the town of Lincoln on loan to the town of Smithfield, testified for the prosecution. While working in an undercover capacity on June 14, 1976, he was in the area of Austin Avenue, Smithfield. At approximately 8:55 p. m., he approached defendant, who was in a parked car, and asked him if he had a certain drug for sale. The defendant said he did not but that he had some good "pot", and Officer Lombardi paid him $50 for a glassine bag containing what later tests proved to be marijuana. Officer Lombardi based his in-court identification of defendant on the June 14 encounter and on an introduction to defendant which had taken place about ten days before that.

The defendant denied that he had made the sale of marijuana to Officer Lombardi. He testified that on the date in question, June 14, his wife had given birth to their first child at Women and Infants Hospital in Providence. He visited her that night in the company of his brother and a friend named Joseph Panzarella (Panzarella). He testified they did not leave the hospital until sometime after the time visiting hours officially ended at 8 p. m. After spending

some time with his wife alone in her hospital room, he and Panzarella went to the nursery to view his infant son. Thereafter Panzarella and defendant left the hospital. They stopped at a liquor store and purchased some vodka and beer and then went to defendant's mother's home where they drank until two o'clock the following morning. Mrs. Allan, the defendant's wife, corroborated her husband's testimony about his visit to her at the hospital.

The witnesses for the prosecution other than Officer Lombardi were Brian D. Burke and a state toxicologist. The defendant and his wife were the only defense witnesses. Only Officer Lombardi identified defendant as the individual who sold the marijuana to him.

■ We first consider the speedy-trial issue. The test for determining whether an accused has been denied his right to a speedy trial was set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This court has applied the test numerous times. *State v. DeMasi*, R.I., 419 A.2d 285 (1980); *State v. Roddy*, R.I., 401 A.2d 23 (1979); *State v. Crescenzo*, 118 R.I. 662, 375 A.2d 933 (1977). In applying this test, the courts consider four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his rights, and (4) the prejudice to the accused. *State v. DeMasi, supra.* No one of the factors alone is either a necessary or a sufficient condition to establish a deprivation. Rather, they are all related factors and must be considered together with such other circumstances as are relevant. The court must balance all of the facts and circumstances before coming to a decision. *Barker v. Wingo* and *State v. DeMasi*, both *supra.*

The trial here took place thirty-three months after the arraignment. In *State v. DeMasi*, this court concluded that a lengthy delay standing alone is insufficient to establish that the right to a speedy trial has been violated. However, "a delay of twenty-six months between indictment and trial [is] 'presumptively prejudicial', a finding that triggers the necessity for an inquiry into the other three factors." *Id.* 419 A.2d at 289.[1]

■ The record indicates that the delay in reaching this case for trial was caused by the case backlog and the priority that is given to more serious felonies. This delay, of course, is not defendant's fault and that factor would weigh against the state.

■ In balance, however, defendant's assertion of the lack of a speedy trial does not persuade us. There was a speedy trial motion filed twelve days after arraignment, and it was not renewed until after defendant called the case ready for trial. The defendant in *DeMasi* had made an oral motion for a speedy trial one month after indictment and a written motion twenty months later. This court said that that activity hardly constituted a "banging on the courthouse doors" that this court found persuasive in *Tate v. Howard*, 110 R.I. 641, 656, 296 A.2d 19, 27 (1972); *State v. DeMasi*, 419 A.2d at 290. The defendant in this case was far less aggressive in asserting his right to a speedy trial than was DeMasi. We find his arguments far less persuasive.

■ The remaining factor is prejudice resulting from the delay. The only fact defendant can point to is the unavailability of his alibi witness, Panzarella, who was out of the country on military duty. With the absence of any evidence that would indicate diligence on his part in determining the availability of this witness, it is our conclusion that the passage of time alone is not the cause of prejudice to him.

On our review of the record of the hearing on defendant's motion for a continuance, we find it apparent that when he called his case ready eleven days before asking for a continuance, he had not, in fact, ascertained whether or not he was ready and whether or not his witness was

1. In *State v. Crescenzo*, 118 R.I. 662, 375 A.2d 933 (1977), this court held that the defendant was not deprived of the right to a speedy trial even though there was a four-year delay between the indictment and the trial.

available. The requirement that a case be ready when it is called ready is not an unnecessary rule. The designation of a case as ready for trial ensures that there will be cases to try as a judge on the trial calendar becomes available, with a minimum of wasted time between trials. It guarantees that the pending cases will be processed with a minimum of lost time. If the trial court were to permit a case to be called ready and then to be passed for reasons well within the control of the defendant, chaos on the trial calendar would result. If, at the call of the calendar, defendant had indicated that his witness was out of state or that he was awaiting word on the witness's availability, the case would have been marked by the calendar judge as ready subject to the appearance of the witness or it would have been reassigned and another case that was actually ready would have been substituted. The facts asserted by defendant in support of his motion for a continuance were that he did not attempt to contact Panzarella until May 16 and that he did so by addressing a letter to him. He had had no reply by May 28 when he called the case ready.

■ A motion for a continuance is addressed to the sound discretion of the trial justice, and his decision on such a motion will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Leonardo,* R.I., 375 A.2d 1388, 1390 (1977). The term "discretion" imports an action taken by the trial justice in the light of reason. Due regard is given for what is right and equitable under all of the circumstances and the law. *Hartman v. Carter,* R.I., 393 A.2d 1102 (1978); *Strzebinska v. Jary,* 58 R.I. 496, 193 A. 747 (1937). Discretion is the option that a trial justice has in doing or not doing a thing that cannot be demanded by a litigant as an absolute right.

■ In the case of *State of Barnes,* R.I., 409 A.2d 988 (1979), a request for a continuance made on the day trial began was denied. In that case the defendants were charged with assault on a fellow prisoner during a disturbance at the Adult Correctional Institution. By trial time the victim had left the state. The state was unable to locate him and decided to proceed without him. The defendants learned of this decision the day before trial began and moved for a continuance, claiming that the victim would not identify them as his assailants and, in fact, would contradict the state's witnesses. The trial justice denied the request and was affirmed on appeal. This court considered the four criteria that guide the trial justice's discretion. They are as follows: that the witness's testimony would be material, that the defendant had used due diligence to procure the attendance of the witness or his deposition, that it is reasonably certain that the witness would be available on the date to which trial was continued and that the testimony would not be merely cumulative. *State v. Patriarca,* 112 R.I. 14, 38, 308 A.2d 300, 315 (1973); *State v. Barnes, supra.* This court stated while one day's notice gave the defendants no time to find this witness,

> "[y]et, it appears somewhat inconsistent with the concept of due diligence that defendants, believing [the victim's] testimony to be exculpatory, took no steps during the ten months before trial to insure that [the victim] would be present." *Id.,* 409 A.2d at 991.

■ Considering all of the circumstances of the instant case, including the representations made to the trial justice in support of the motion for a continuance, we conclude that the trial justice was justified in the exercise of his discretion to require the case to go forward.

The record is devoid of any evidence that would establish that defendant was diligent over the months between arraignment and trial in ascertaining the location of his witness or his availability. There is no evidence that defendant kept current regarding the witness's whereabouts or that he even knew that the witness was in the military service. Unless he can establish diligence on his part under the circumstances, he suffers the disadvantage, not the state. Furthermore, there is no evidence that the missing witness would, in fact, testify for defendant; there is only defendant's claim that he would do so.

Since the defendant failed to prove that the trial justice abused his discretion under all of the circumstances, his appeal on this point must fail.

The defendant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.