314 A.2d 138.

STATE *vs.* KENNETH R. GROVER.

JANUARY 29, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is an appeal by the state pursuant to G. L. 1956 (1969 Reenactment) §9-24-32, as amended by P. L. 1972, ch. 169, sec. 10, from a judgment of the Superior Court dismissing an indictment charging the defendant, Kenneth R. Grover, with the possession of a hypodermic needle and syringe in violation of G. L. 1956 (1968 Reenactment) §21-28-33.

The record discloses that Grover was indicted on November 15, 1971. On November 23, 1971, he was arraigned in Superior Court and entered a plea of not guilty. The case was then assigned for trial on February 9, March 30, April 25, May 16, June 7 and September 21, 1972. Subsequently, on September 22, 1972, the case was called for trial, and, while defendant answered "ready," no one was present from the Attorney General's office to prosecute the case. The court caused the case to be called again a half hour later, defendant again being ready, but there was still no one ready to prosecute. The trial justice thereupon inquired of counsel for the defense if he had a motion. Counsel for the defense then moved to dismiss the indictment. The court, commenting that the case had been assigned for trial several times and that it had been continued from the day before, granted the motion to dismiss the indictment. It is from that judgment that the state prosecutes the instant appeal.

The trial justice did not disclose his reason for granting the motion to dismiss the indictment. He referred to neither the constitutional right of a defendant to a speedy trial nor the inherent power of the court to dismiss an indictment for want of prosecution. We may assume, however, that he intended to dismiss the indictment in an exercise of the inherent power of the court to so act where there has been unnecessary or unreasonable delay in bringing the case to trial.

In the first place, the fact of a delay of approximately ten months in bringing the case to trial, absent other pertinent evidence, would hardly suffice to warrant a finding that defendant had been denied his constitutional right to a speedy trial. *See Tate* v. *Howard,* 110 R. I. 641, 648 n. 5, 296 A.2d 19, 24 n. 5 (1972). But beyond that we attach significance also to the fact that Super. R. Crim. P. 48(b) had just become effective on September 1, 1972, a matter of days before the court took the instant action.

Rule 48(b) of the Superior Court Rules of Criminal Procedure provides for the dismissal of an indictment or complaint by the court "[i]f there is unnecessary delay in bringing a defendant to trial." While the commentator's notes suggest that Rule 48(b) was intended to implement a defendant's right to a speedy trial pursuant to art. I, sec. 10, of the Rhode Island constitution, it is our opinion that it goes further and is declaratory of the inherent power of the court to dismiss for want of prosecution.[1] We

---

[1]In *Ex parte Altman,* 34 F.Supp. 106 (S.D. Cal. 1940), it was noted that a court, in an exercise of its jurisdiction, has the inherent power to order a dismissal for failure to prosecute, citing Mr. Justice Frankfurter's decision in *Nardone* v. *United States,* 308 U. S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). The court also stated at 108: "We can conceive the anarchy which would result if the power to terminate a criminal proceeding for want of prosecution did not exist." *See also City of Wichita* v. *Houchens,* 184 Kan. 297, 335 P.2d 1117 (1959).

conclude, then, that the trial justice intended to dismiss the indictment pursuant to the provisions of Rule 48(b).

Rule 48(b) was obviously lifted from the provisions of Rule 48(b) of the Federal Rules of Criminal Procedure. As interpreted in the federal courts, it gives a trial justice a wider latitude to dismiss an indictment than does the constitutional right to a speedy trial under the sixth amendment of the United States Constitution. Such a motion is addressed to the sound discretion of the court. *United States* v. *Navarre*, 310 F.Supp. 521 (E.D. La. 1969). This being so, a ruling on such motion by the trial justice will be set aside only where it is a clear abuse of discretion. *Nickens* v. *United States*, 323 F.2d 808 (D.C. Cir. 1963). Thus, the issue with which we are confronted in this case is whether the trial justice abused his discretion.[2]

The trial justice granted the motion to dismiss only after the case had been called for trial and a half hour had elapsed with no one from the office of the Attorney General present to prosecute. The state argues that this delay was not enough to constitute unnecessary delay within the meaning of the rule. It would be helpful if a trial justice, in ruling on a motion of this character, were to make some effort to disclose with reasonable particularity the ground upon which he rested such ruling. It must be remembered, however, that motions of this character are addressed to the sound judicial discretion of the trial justice, and we have repeatedly held that an exercise of that discretion should not be disturbed on review unless it clearly appears to have constituted an abuse of that discretion. A reviewing court should not undertake to substitute its judgment for that of the trial justice.

Here the state overlooks the thrust of the facts that are disclosed in the record. Despite the absence of any explana-

---

[2]See 8A Moore, *Federal Practice* ¶48.03[1], at 48-18 (2d ed. 1965); 3 Wright, *Federal Practice & Procedure* §814 (1969).

tory comment by the trial justice, it is clear that the case was almost a year old and had been assigned for trial on six prior occasions. When those facts are viewed in the light of the state's failure to appear to prosecute, a pattern of delay becomes apparent and is certainly susceptible of a reasonable inference that such delay was purposeful. That, in the circumstances, the trial justice could properly draw a reasonable inference cannot be disputed. Consequently, we cannot say that the trial justice, in granting the motion to dismiss the indictment, abused his judicial discretion.

The appeal of the state is denied and dismissed, the judgment entered below is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, *Philip Weinstein*, Special Asst. Attorney General, for plaintiff.

*William F. Reilly*, Public Defender, *Joseph L. Decaporale*, Asst. Public Defender, for defendant.