368 A.2d 566.

STATE OF RHODE ISLAND *vs.* FRANCIS J. PAQUETTE.

JANUARY 28, 1977.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. This is an appeal by the state pursuant to G. L. 1956 (1969 Reenactment) §9-24-32, as amended by P. L. 1972, ch. 169, §10, from a Superior Court judgment granting the defendant's motion to dismiss two indictments under Super. R. Crim. P. 48(b) on the ground

that there was unnecessary delay in presenting him for trial.

The defendant, along with codefendants Petrarca, Brady, Gottschalk and Carlino, was indicted on June 22, 1973, by Indictment No. 73-1149; he was also indicted with codefendant Brady on that same day by Indictment No. 73-1150. The conduct on which the indictments were based allegedly occurred on August 2, 1972, and November 11, 1972, respectively.

After the indictments were returned on June 22, 1973, against defendant, the state, instead of promptly arraigning defendant, delayed the arraignments for a period of 23 months, until May 9, 1975, on Indictment No. 73-1149 and May 21, 1975, on Indictment No. 73-1150.

Prior to the return of these indictments, defendant was arrested and taken into custody on other charges. At that time he confessed to several criminal offenses and agreed to testify to one offense on behalf of the state. There is a dispute as to whether he agreed to testify as a prosecution witness in several other cases involving the same and other codefendants. Shortly after his arrest, defendant pled guilty to second degree murder and conspiracy to murder and received a 15-year jail sentence and a 10-year suspended sentence with probation.

It was while defendant was in confinement that the indictments at issue were returned. After the arraignments 23 months later, defendant, on July 22, 1975, filed a motion to dismiss the two indictments under Super. R. Crim. P. 48(b).

At the hearing on this motion, defendant, through his attorney, represented to the court that the state had previously agreed to dismiss the charges against him if he testified for the state in the trial of a codefendant for the same murder to which defendant pled guilty. He further represented that during the 23 months between the indict-

ments and the arraignments severe domestic disharmony had developed, and his wife was no longer willing to assist in his defense. In addition, he alleged that due to the pending indictments he had been denied eligibility for work-release programs and minimum security. The state disputed defendant's version of the agreement, alleging that he had agreed to testify in several trials against co-defendants, and that the state, in turn, had agreed that as he gave testimony in each case the charges against him in that case would be dismissed. Thus, they argued, defendant, by virtue of the agreement, waived his right to a speedy trial. No testimony was taken by the trial justice at the hearing. In granting the motion to dismiss, the trial justice held that "* * * a delay from June 4, 1973, to May 9, 1975, between indictment and arraignment, constitutes prejudicial and inexcusable delay. The defendants have been denied their right to a speedy trial * * *."[1] The issue with which we are confronted is whether the trial justice abused his discretion by failing to give the state an opportunity to respond to defendant's allegation that the delay was unnecessary.

The sixth amendment to the United States Constitution, art. I, §10 of the Rhode Island Constitution, and Super. R. Crim. P. 48(b) guarantee the right to a speedy trial, and prohibit unnecessary delay in presenting a charge to the grand jury or bringing a defendant to trial. In the instant case, the record reveals that the trial justice considered defendant's motion under Rule 48(b) as the equivalent of a motion to dismiss for violation of the constitutional right to a speedy trial. Thus, for the present appeal, we will consider the nature of both the constitutional right to a speedy trial and Rule 48(b).

---

[1]The motions to dismiss in the instant case were filed on behalf of two defendants. However, the only case that was argued before this court was that of defendant Paquette.

## I.

With respect to the sixth amendment right to a speedy trial, it is clear under *Barker* v. *Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and our own cases, *State* v. *Crapo,* 112 R.I. 729, 315 A.2d 437 (1974), and *Tate* v. *Howard,* 110 R.I. 641, 296 A.2d 19 (1972), that delay alone is insufficient to sustain a motion to dismiss. In *Barker* v. *Wingo, supra,* the Supreme Court of the United States identified four factors that courts should consider in deciding whether the right to a speedy trial had been violated:

> "The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.
>
> "A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2191-92, 33 L.Ed.2d at 116-17.

The Court further stated:

> "We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118.

In the instant case there is no evidence in the record that the trial justice considered and evaluated these four factors in connection with the circumstances of this particular case as required by *Barker* v. *Wingo, supra.* Further, we find nothing in the record to indicate that

the trial justice considered the possibility of an intentional waiver by defendant of his right to a speedy trial. *See Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). We recognize that the mere fact that defendant does not demand a speedy trial does not establish that he has waived his constitutional right. Indeed, it is the duty of the prosecution to bring a defendant to trial. However, the prosecution should be given an opportunity to present evidence on the issue of whether or not defendant did waive his right.

In determining whether the right to a speedy trial has been violated the trial justice must engage in careful balancing:

> "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Beavers* v. *Haubert,* 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950, 954 (1905).

Where a defendant's right to a speedy trial has been violated, the remedy is dismissal of the indictment. Thus, because of the serious consequences, the state should be given an opportunity to respond to defendant's allegations.

The trial justice, in the case before us, did not give the state an opportunity to present evidence explaining or justifying the delay. Since there was no evidence introduced, a review of the record is impossible. Thus, we are unable to determine whether the trial justice accorded proper weight to the factors enunciated in *Barker* v. *Wingo, supra.*

## II.

We now turn to the propriety of granting defendant's motion pursuant to Rule 48(b). This rule, as we have stated before, is broader than the constitutional right to a speedy trial, and is declaratory of the inherent power of the court to dismiss for want of prosecution. *State* v.

*Grover,* 112 R.I. 649, 651, 314 A.2d 138, 138-39 (1974). Indeed, it places a greater burden on the prosecution to bring a defendant to trial with a minimum of delay, and permits dismissal of an indictment even though there has been no constitutional violation. *Mathies* v. *United States,* 374 F.2d 312, 314-15 (D.C. Cir. 1967).[2] A motion under Rule 48(b) is addressed to the sound discretion of the court, and as a result, the trial justice's ruling will be set aside only where it is a clear abuse of discretion. *State* v. *Grover, supra* at 652, 314 A.2d at 139.

Rule 48(b) provides that "[i]f there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment * * *." Thus, in ruling on a motion to dismiss under this rule, the only element for consideration is whether the delay was unnecssary. The defendant need not make a showing of prejudice, nor must he assert his right to a prompt trial; once the defendant shows that none of the delay in question is attributable to him, he has established a prima facie case of unnecessary delay, and the burden of showing justification for the delay is shifted to the state. *United States* v. *Navarre,* 310 F.Supp. 521, 523 (E.D. La. 1969). Thus, the prosecution must be given an opportunity to prove that the delay was necessary and that the alleged dilatory conduct was not contrived for the purpose of giving the state an advantage, or harassing the defendant and preventing him from preparing a fair and competent defense.

In the instant case, as the defendant concedes in his brief, the prosecution was denied this opportunity. From an examination of the record, it appears that the trial justice's decision was based solely on the representations

[2]As we stated in *State v. Grover,* 112 R.I. 649, 314 A.2d 138 (1974), our Rule 48(b) was taken from Rule 48(b) of the Federal Rules of Criminal Procedure. Thus, federal court cases interpreting their rule are sufficiently analogous to be of assistance in our analysis.

of the defendant's counsel, despite the prosecution's request that it be given an opportunity for rebuttal. For the foregoing reasons, we conclude that the trial justice abused his discretion.

The state's appeal is sustained, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion and the standards mandated by *Barker* v. *Wingo, Tate* v. *Howard,* and *State* v. *Crapo,* all *supra.*

Mr. Justice Paolino did not participate.

*Julius C. Michaelson,* Attorney General, *J.J.B. Wigglesworth,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Barbara Hurst,* Asst. Public Defender, for defendant.