**STATE**

v.

**Gerald GORDON and Stephanie Gordon.**

No. 78–416–C.A.

Supreme Court of Rhode Island.

June 6, 1980.

Dennis J. Roberts, II, Atty. Gen., Faith A. LaSalle, Sp. Asst. Atty. Gen., for plaintiff.

Gerald Gordon and Stephanie Gordon, pro se.

OPINION

PER CURIAM.

This is an appeal from a judgment of conviction in the Superior Court before a justice of said court sitting without a jury.

The facts are not in dispute. The defendants are owners of the premises located at 86 Jewett Street in Providence, Rhode Island. The defendants, Gerald and Stephanie Gordon, were charged with six counts and four counts respectively of violations of the Providence Housing Code. After a hearing in the Municipal Court, defendants were found guilty as charged, and they immediately appealed to the Superior Court.

At the Superior Court level defendants stipulated that the defects alleged in the complaint existed and that they did not make any of the repairs required. The defendants further stipulated to ownership of the property and to the introduction of chapter 13 of the Providence Code of Ordinances as the housing ordinances and chapter 1, § 10, as the penalty clause, which is incorporated by reference into chapter 13. The trial justice found defendants guilty of each count, and they were fined $200 on each count. The defendants filed their appeal with this court.

 We considered the issues raised in the instant case in *State v. Kalian*, R.I., 408 A.2d 610 (1979). We there stated that there is no requirement that a penalty clause be included in the same provision as the housing ordinance. It may be provided by a separate enactment. In light of the foregoing principle, it is clear that defendants' contentions that no proof of the penalty provision was admitted at trial is without merit, because the trial court could refer to the penalty provision incorporated by reference into the violation provisions which were in evidence.

 Next, we direct our attention to the defendants' second issue, where they claim that the evidence did not establish that the premises were used for habitation.

It is clear from the record that the trial justice had the right to infer from the complaint that the building was a dwelling house. The defendants stipulated that they were the owners of the premises, alleged to be a dwelling house, situated at 86 Jewett Street. The complaint described the building as a dwelling. Therefore, the trial justice had enough evidence to find the defendants guilty. *See* Providence, R.I., Code of Municipal Ordinances, ch. 13, § 1 (1968) (dwelling defined). That the dwelling was unoccupied does not change its character as a dwelling house, provided it is intended to be used as one. *See id; cf. State v. Blair*, 112 W.Va. 655, 656–57, 166 S.E. 369, 370 (1932) (burglary). The trial justice had more than enough evidence of the defendants' intended use of the property in the record and, therefore, his judgments will not be disturbed.

Defendants' appeal is denied and dismissed, and the judgment appealed from is affirmed.