STATE

v.

John J. BRADY, Walter C. Newton.

No. 80–179–C.A.

Supreme Court of Rhode Island.

Oct. 23, 1981.

Dennis J. Roberts, II, Atty. Gen., Alyssa L. Talanker, Sp. Asst. Atty. Gen., for plaintiff.

Stephen P. Nugent, Providence, for defendants.

OPINION

SHEA, Justice.

This is an appeal by the state pursuant to G.L.1956 (1969 Reenactment) § 9–24–32, as amended by P.L.1972, ch. 169, § 10, from a Superior Court judgment granting the defendants' motions to dismiss under Rule 48(b) of the Superior Court Rules of Criminal Procedure on the ground that there was unnecessary delay in presenting them for trial. We affirm.

The defendants, John J. Brady and Walter C. Newton, were arrested on May 17, 1976 and charged with possession of lottery slips. In addition, Newton was charged with aiding and assisting in recording horse bets. They were arraigned on the following day and were released on personal recognizance. On February 22, 1977 after trial in the Eighth Division District Court both defendants were found guilty and fines were imposed. Defendants filed timely appeals to the Superior Court and claimed trial by jury.

On March 10, 1980, more than three years after appealing their convictions, a justice of the Superior Court heard and granted defendants' previously filed motions to dismiss. The justice found that the delay of more than three years brought the cases squarely within the holding of *State v. Paquette*, 117 R.I. 505, 368 A.2d 566 (1977), and therefore he dismissed the cases pursuant to Rule 48(b).

The sole issue before us is the propriety of the granting of defendants' motions. As has been stated previously by this court, Rule 48(b) is broader than the constitutional right to a speedy trial, and is declaratory of the inherent power of the court to dismiss charges against a defendant for want of prosecution. *State v. Grover*, 112 R.I. 649, 651, 314 A.2d 138, 138–39 (1974). A motion under this rule is addressed to the sound discretion of the court. The trial justice's ruling, therefore, will be set aside only when there is a clear abuse of discretion. *Id.* at 652, 314 A.2d at 139.

According to *Paquette, supra,* the only element for consideration under Rule 48(b)

is whether or not the delay was unnecessary. The defendant need not make a showing of prejudice, nor must he have asserted his right to a speedy trial. Once a defendant has shown that the delay in question is not attributable to him, he has established a prima facie case of unnecessary delay. The burden of showing justification for the delay then shifts to the state. *State v. Paquette*, 117 R.I. at 511, 368 A.2d at 569.

■ The record establishes that the delay was not attributable to defendants. The burden, therefore, was on the state to justify the length of the delay. In an attempt to do so the state contended that a three-year delay was not unreasonable in view of the case backlog that existed at that time. This proposition falls short of the justification required.

■ We conclude that the trial justice did not abuse his discretion in granting the defendants' motions to dismiss. The focus of the inquiry under Rule 48(b) is not the reasonableness of the delay but its necessity. The state has failed to meet its burden.

The appeal is denied and dismissed, the order entered below is affirmed, and the papers of the case are remanded to the Superior Court.