STATE

v.

Harry BACCAIRE.

No. 82–473–C.A.

Supreme Court of Rhode Island.

Jan. 26, 1984.

Dennis J. Roberts II, Atty. Gen., Charles M. Nystedt, Sp. Asst. Atty. Gen., for plaintiff.

James H. Leavey, Temkin & Miller, Ltd., Providence, for defendant.

## OPINION

MURRAY, Justice.

The defendant, Harry Baccaire, appeals from a Superior Court conviction for the burning of a dwelling house in violation of G.L.1956 (1969 Reenactment) § 11-4-2. The defendant was indicted along with a codefendant, Mark Burns, and charged with statutory burning. He was arraigned on March 8, 1978, and released on bail. The trial commenced on April 27, 1982, before a justice of the Superior Court and a jury. The defendant was found guilty.

On August 18, 1982, defendant filed a motion for a new trial, which was denied. The trial justice then sentenced defendant to the Adult Correctional Institution for a period of ten years, seven years to serve, three years suspended. The defendant now

appeals from the judgment of conviction entered below. We affirm.

On November 29, 1977, there was a fire at the building located at 61 Althea Street in the city of Providence. The Providence fire department responded and extinguished the second-floor fire, remaining at the scene for approximately two hours. The building in question was a wood-framed apartment building. The state called one of the responding firefighters who testified that the building was unoccupied and the utilities shut off at the time of the fire. A fire department inspector was called as an expert witness and testified that in his opinion the fire had been deliberately set.

The owner of the building testified that the building in question was a six-family apartment house and that each apartment was furnished. He indicated that the building had been unoccupied for approximately two months and that a considerable amount of time and money had been expended to clean the building in preparation for resale.

A woman living across the street from 61 Althea Street at the time of the fire testified that defendant and his brother, along with Mark Burns, had left her apartment about fifteen or twenty minutes before the fire. When they returned she overheard defendant and Mark Burns tell defendant's brother that they had started the fire. Mark Burns was charged along with defendant in the indictment.

Mark Burns was tried separately for the Althea Street fire and for another fire. He was convicted on the Althea Street fire. On appeal, this court reversed the conviction on Fourth Amendment grounds and remanded the case for a new trial. *State v. Burns*, R.I., 431 A.2d 1199 (1981). Burns subsequently entered a plea of nolo contendere to the charges stemming from the Althea Street fire. After a voir dire of Burns, the state did not call him as a witness.

The defendant raises three issues on appeal. First, he contends that the trial justice abused his discretion in denying his motion to dismiss for lack of a speedy trial pursuant to Rule 48(b) of the Superior Court Rules of Criminal Procedure. Second, he argues both that the trial justice erroneously instructed the jury on the definition of a dwelling house and that there was insufficient evidence from which the jury could find that the building in question was a dwelling house. Third, defendant claims that the trial justice erroneously allowed the prosecutor to comment during closing argument on defendant's credibility.

The defendant maintains that the lapse of some four years from the time he was arraigned to the time of trial constituted undue delay on the part of the state. An examination of the record indicates that defendant filed motions for a speedy trial in November 1979 and May 1980. That request was not renewed for the next twenty-three months until the case was ultimately reached for trial in April 1982. The case was reached, prior to that time, in November 1980, January 1981, and March 1981. On each of these occasions defense counsel was engaged on other trials.

On September 21, 1981, defendant's case was again reached for trial. He did not appear, however, and a warrant was issued. The defendant had allegedly committed himself to the Institute of Mental Health and was unaware that he was to appear in court on that date. The trial did not proceed until April 1982.

Initially, we address defendant's claim that the trial justice abused his discretion in denying defendant's Rule 48(b) motion. We have held that "although Rule 48(b) was designed to implement the right to a speedy trial, it is actually far broader in scope than the constitutional guarantee." *State v. Wilmot*, R.I., 461 A.2d 401, 404 (1983); *State v. Anthony*, R.I., 448 A.2d 744, 747 (1982). Rule 48(b) allows the trial justice to dismiss an indictment, information, or complaint, based solely on a finding of unnecessary delay in bringing a defendant to trial. *State v. Wilmot*, and *State v. Anthony*, both *supra.* As we said in *State v. Paquette*, 117 R.I. 505, 511, 368 A.2d 566, 569 (1977), this rule "places a greater bur-

den on the prosecution to bring a defendant to trial with a minimum of delay, and permits dismissal of an indictment even though there has been no constitutional violation."

 A defendant need only demonstrate that he or she is not responsible for any of the delay in question to raise a presumption of unnecessary delay. The state can rebut that presumption by showing justification for the delay. *State v. Wilmot,* R.I., 461 A.2d at 404; *State v. Anthony,* R.I., 448 A.2d at 747. However, as we have often stated, because the rule vests such discretion in the court, we will not set aside the trial justice's ruling on a Rule 48(b) motion unless it constitutes a clear abuse of discretion. *State v. Wilmot,* R.I., 461 A.2d at 404; *State v. Anthony,* R.I., 448 A.2d at 747; *State v. Brady,* R.I., 4C3 A.2d 717, 717 (1981); *State v. Fortier,* R.I., 427 A.2d 1317, 1323 (1981); *State v. Paquette,* 117 R.I. at 511, 368 A.2d at 569; *State v. Grover,* 112 R.I. 649, 652, 314 A.2d 138, 139 (1974).

 After reviewing the record, we find that the trial justice's denial of defendant's Rule 48(b) motion was not an abuse of discretion. The defendant's failure to appear on September 21, 1981, resulted from his own failure to apprise the court, through his attorney, of his whereabouts. This failure to appear necessitated removing the case from a "ready trial" posture, thereby causing a significant delay. The trial justice found that this delay warranted the denial of defendant's Rule 48(b) motion. We agree.

 As we stated in *State v. Anthony,* R.I., 448 A.2d at 749, our ruling on defendant's Rule 48(b) motion is not dispositive of the constitutional aspects of his speedy-trial claim. Resolution of this issue requires a consideration of the four factors enumerated by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972): (1) length of the delay, (2) reasons for the delay, (3) defendant's assertion of the right to a speedy trial, and (4) prejudice to the accused. *State v. Anthony,* R.I., 448 A.2d at 749; *State v. Fortier,* R.I., 427 A.2d at 1321.

 It is well settled that the length of the delay does not by itself establish a deprivation of the right to a speedy trial. *State v. Anthony,* R.I., 448 A.2d at 749; *State v. Allan,* R.I., 433 A.2d 222, 224 (1981); *State v. Crescenzo,* 118 R.I. 662, 665, 375 A.2d 933, 935 (1977). In the present case, however, the four-year delay "is of sufficient duration to be 'presumptively prejudicial,' thereby triggering the necessity of inquiring into the other three factors." *State v. Anthony,* R.I., 448 A.2d at 749.

With regard to the second factor, reasons for delay, defendant himself was responsible for some of the delay. Furthermore, we do not feel that the state was attempting to gain a tactical advantage by way of delay. As we noted in *State v. Anthony,* R.I., 448 A.2d at 748, the state has a significant interest in avoiding duplicity of trials for joint defendants. In the present case, some of the delay is probably attributable to the state's desire to resolve the case against codefendant Mark Burns before proceeding with defendant's trial. This is clearly not, however, the sole reason for the delay, as demonstrated by the fact that the state consistently called the case ready for trial. Scheduling difficulties for both the state and defense counsel were responsible for some of the delay, as were the state's efforts to locate key witnesses. On balance, therefore, we feel that both sides were responsible for the delay and that any delay attributable to the state was not tactically motivated.

 Regarding the third factor, assertion of the right, we note that defendant filed motions for a speedy trial in November 1979 and in May 1980. He failed to reassert that request, however, for the next twenty-three months, until the time of trial. Such conduct does not demonstrate an active pursuit of his right. This lack of aggressive action does not alone constitute a waiver. It is, however, a factor that must be considered. *State v. Anthony,* R.I., 448 A.2d at 750; *see State v. Charette,* R.I., 434 A.2d 280, 285 (1981).

 The final factor to be considered is whether defendant was prejudiced by the

delay. This factor focuses upon prejudice in the form of pretrial incarceration, anxiety and mental strain, and impairment of the defense. *State v. Anthony,* R.I., 448 A.2d at 751; *State v. Charette,* R.I., 434 A.2d at 285; *State v. Fortier,* R.I., 427 A.2d at 1322. The defendant in this case was free on bail until his failure to appear in September 1981. His pretrial incarceration was, therefore, at least partially the result of his own actions. While we are cognizant of the anxiety and strain associated with the uncertainties of trial, we do not find that the strain on defendant in this case rises to an oppressive level. More importantly, we do not find that defendant's ability to conduct his defense was impaired by the passage of time.

After reviewing the record and considering both the four-part test set forth in *Barker v. Wingo,* and our prior opinions applying that test, we are not convinced that defendant's right to a speedy trial was abridged.

We turn now to defendant's claim that the trial justice erroneously instructed the jury on the definition of a dwelling house. This argument is without merit. In *State v. Gordon,* R.I., 415 A.2d 183, 184 (1980), we stated that the fact that a dwelling was unoccupied does not change its character as a dwelling house. In the present case, the trial justice instructed the jury, inter alia, that a dwelling structure that is not occupied at the time of the burning is covered by the statute.[1] This instruction is consistent with our holding in *Gordon.*

The defendant's contention that there was insufficient evidence from which the jury could find that the building in question was a dwelling house is also untenable. The owner of the building testified that the building had been unoccupied for only two months, that the apartments were furnished, and that he was in the process of cleaning the building in preparation for resale. There is no evidence in the record that the owner's intention to use the building as a dwelling house had been abandoned. Viewing the entire record, we think that there was ample evidence to support the jury's verdict.

Finally, the defendant claims that the trial justice erred in allowing the prosecutor, during his closing argument, to comment on his credibility as a witness. We have stated in the context of opening statements that a prosecutor's expression of his belief in a defendant's guilt is not improper if the belief is premised upon evidence to be presented rather than upon facts that will not be offered as evidence. *State v. Bowden,* 113 R.I. 649, 655, 324 A.2d 631, 636 (1974); *State v. Kozukonis,* 100 R.I. 298, 304, 214 A.2d 893, 897 (1965). It follows, therefore, that statements of a prosecutor's personal belief made during closing argument are also proper if premised upon facts adduced during the trial. Indeed, the defendant concedes that the prosecutor's comment "was in line with [our] previous court decisions." He argues, however, that these decisions are distinguishable from the present case and that to apply them here would be clearly wrong. We disagree. The trial justice did not commit error in allowing the prosecutor's comment to stand.

For the stated reasons, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

---

1. At the time defendant was indicted, G.L.1956 (1969 Reenactment) § 11–4–2 was entitled "Burning or Destruction of Dwelling House." An element of the offense was, therefore, that a person maliciously set fire to, or burn, or cause to be burned, a dwelling house. This statute was amended by P.L.1980, ch. 247, § 1, and P.L.1983, ch. 185, § 1. The present statute G.L.1956 (1981 Reenactment) § 11–4–2, is entitled "Arson-First degree" and does away with the requirement that the property in question be used for residential purposes. It also covers property that is occupied or in use or has been occupied or in use for the six months preceding the offense.