STATE

v.

Kevin P. DIONNE.

No. 83–131–C.A.

Supreme Court of Rhode Island.

April 18, 1984.

Dennis J. Roberts II, Atty. Gen., Susan E. McGuirl, Deputy Atty. Gen., for the State.

John D. Lynch, Warwick, for defendant.

## OPINION

SHEA, Justice.

The state appeals from a Superior Court judgment dismissing an information against the defendant, Kevin P. Dionne, pursuant to Rule 48(b) of the Superior Court Rules of Criminal Procedure because of unnecessary delay in bringing him to trial. This is the second time that Dionne has been before us. In *State v. Dionne*, R.I., 442 A.2d 876 (1982), we upheld his conviction for driving so as to endanger, resulting in death, in violation of G.L.1956 (1968 Reenactment) § 31-27-1.[1] However, we remanded the case for an evidentiary hearing on the defendant's Rule 48(b) motion and for a ruling supported by findings of fact in regard to the state's reason for delay during both a fifteen-month period and an eight-month period. We affirm.

## I

The facts are limited to those applicable to the issue before the court.

"The defendant was arraigned on February 28, 1977. The case was assigned for pretrial conference on June 2, 1978, and was reassigned to June 16, 1978, at the request of defendant. On June 23, 1978, the case was assigned to the fall calendar for trial. On September 26, 1978, the case was reassigned; it was not reached for trial until May 30, 1979. On May 31, 1979, the trial justice granted ´ the state's request for a continuance, continuing the case to June 20, 1979. On June 22, 1979, however, the trial justice again continued the case. The trial finally commenced on October 11, 1979.

"The defendant filed a written motion to dismiss the charge pursuant to Rule 48(b) on February 9, 1979, and made oral motions to dismiss on May 31, 1979, and June 20, 1979, on the ground that he had been deprived of a speedy trial. All of these motions were summarily denied. On October 9, 1979, shortly before the trial, defendant renewed his motion to dismiss under Rule 48(b). After hearing oral argument but without holding an evidentiary hearing, the trial justice denied defendant's motion." *State v. Dionne*, R.I., 442 A.2d at 880–81.

The defendant subsequently appealed his conviction to this court, and we affirmed. On the Rule 48(b) issue, however, we said:

"The record indicates that none of this delay was properly attributable to defendant other than a two-week period in June 1978. The state, therefore, bore the burden of justifying the remainder of the delay. * * * [T]he record [however] is silent regarding why it took fifteen months from the date of the arraignment for the case to be put on the calendar for pretrial conference, or why eight months elapsed before the case was called for trial after being continued on September 26, 1978.

"Because the record is barren concerning the reasons for much of the delay in this case, we cannot properly determine

---

1. This statute is now codified as G.L.1956 (1982 Reenactment) § 31-27-1.

whether the trial justice abused his discretion in denying the motion to dismiss under Rule 48(b). Accordingly, we must remand the case to the Superior Court so that the trial justice may conduct an evidentiary hearing on the motion and make a ruling supported by findings." *Id.,* 442 A.2d at 881.

Testimony at the evidentiary hearing established that pending criminal matters were not tried in chronological order. Instead, cases were assigned for trial on the basis of a departmental priority system because of the tremendous number of pending matters. Priority was given to capital cases, cases in which a defendant was incarcerated pending trial because bail was either too high to be met or not set, old cases, and cases in which trial attorneys with heavy criminal trial practices in other courts were able to work out trial dates with the Attorney General and the court. When scheduled matters unexpectedly had to be continued, time would be filled with cases in which a defendant was "clamoring for a speedy trial," that is, when defense counsel was present and ready to go forward. *Dionne* did not come within any of these priorities. In the spring of 1979, however, *Dionne* was classified as an "old case" and placed on the criminal trial calendar. Both assistant attorneys general who testified said that there was absolutely no conscious decision to impede trial of this case. The trial justice, however, made several findings of fact establishing that the delay was not "necessary." Relying on those findings and on the holding in *State v. Anthony,* R.I., 448 A.2d 744, 748–49 (1982), the trial justice stated that he had no alternative but to dismiss the information against defendant. The state appeals.

## II

■ The sole issue presented by this appeal is whether the trial justice abused his discretion in dismissing the information pursuant to Rule 48(b) on the basis of unnecessary delay in bringing defendant to trial. The state's principal justification for

the delay is the extraordinary court congestion that existed at the time this case was pending in Kent County Superior Court. The court must apply this explanation to each time period to determine whether it justified that particular period of delay.

### A

■ Rule 48(b) provides that "[i]f there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information, or complaint." This rule is broader than the constitutional right to a speedy trial and is declaratory of the inherent power of the court to dismiss for want of prosecution. *State v. Grover,* 112 R.I. 649, 651, 314 A.2d 138, 139 (1974); *see also* 8B Moore's, *Federal Practice* § 48.03[1], at 48–10 (1982); 3A Wright, *Federal Practice and Procedure: Criminal* 2d § 814 (1982). A motion under this rule is addressed to the sound discretion of the trial justice and will be set aside only when there is a clear abuse of discretion. *State v. Austin,* R.I., 462 A.2d 359, 364 (1983); *State v. Brady,* R.I., 436 A.2d 717, 717 (1981); *State v. Grover,* 112 R.I. at 652, 314 A.2d at 139. When a motion to dismiss under this rule is being decided, the only issue for determination is whether the delay was unnecessary. *State v. Austin,* R.I., 462 A.2d at 364; *State v. Paquette,* 117 R.I. 505, 511, 368 A.2d 566, 569 (1977). The defendant need not make a showing of prejudice, nor must he have asserted his right to a speedy trial. *State v. Brady,* R.I., 436 A.2d at 718; *State v. Paquette,* 117 R.I. at 511, 368 A.2d at 569. Once defendant shows that none of the delay is attributable to him, he has established a prima facie case of unnecessary delay. The burden for showing justification for the delay then shifts to the state. *State v. Austin,* R.I., 462 A.2d at 364; *State v. Brady,* R.I., 436 A.2d at 718; *State v. Paquette,* 117 R.I. at 511, 368 A.2d at 569.

The record indicates that none of the delay in the case before us was properly attributable to Dionne beyond a two-week period in June of 1978. *State v. Dionne,*

R.I., 442 A.2d at 881. Thus, the burden is upon the state to justify the delay during two time periods: a fifteen-month period running from arraignment on February 28, 1977, to the scheduling of a pretrial conference on June 2, 1978; and an eight-month period passing from September 26, 1978, when the case was passed for trial, to its being scheduled for trial on May 30, 1979. *Id.*

### B

■ The first period of delay was fifteen months from arraignment to the scheduling of a pretrial conference. Rule 48(b) allows the trial justice to dismiss if there is unnecessary delay in bringing a defendant to trial. Although the state claims that a congested court docket justified the delay in bringing defendant to trial, it does not appear that the state was ready to proceed to trial during this fifteen-month period. The trial justice, in his decision, referred to the testimony of an assistant attorney general which indicated that as a general rule no case would be tried unless there was a pretrial hearing thereon. There was never a meaningful pretrial hearing in this case.

Extraordinary court congestion does not justify a fifteen-month delay in scheduling any case for a pretrial conference, especially when the state is in control of the criminal trial calendar. Assuming for the moment that court congestion might justify delay at the trial stage of a case, we are nevertheless convinced that such congestion has no application to pretrial preparation. The state has therefore failed to establish necessary delay during this period. The trial justice did not abuse his discretion by his dismissal of the information based on unnecessary delay.

### C

■ The second period of delay that this court is concerned about is the eight months from September 26, 1978, to May 30, 1979. Part of this delay is unquestionably justified by the Family Court fire in July 1978. The fire required the Superior Court to suspend its Kent County trial calendar until the fall of 1978 so that Family Court could operate at the Kent County Courthouse. This delay was caused by an event that was beyond the control of the court or the prosecution and therefore is necessary.

■ The state claims the remainder of the eight-month delay, from the fall of 1978 to May 30, 1979, is justified by the extraordinarily congested court docket. This explanation is relevant to this period of delay because the state apparently was ready to try defendant. Under Rhode Island law, however, court congestion does not constitute necessary delay. *State v. Anthony,* R.I., 448 A.2d at 748–49; *State v. Brady,* R.I., 436 A.2d at 718. In *Anthony* this court said:

" '[T]he state, if it indicts a person, must be prepared to give him a trial without any unnecessary delay. The satisfaction of this obligation requires a cooperative effort between the three branches of government.' Notwithstanding court congestion or prosecution difficulties in scheduling, the resultant delay must still be weighed against the government, for it bears the ultimate responsibility to ensure that an accused is expeditiously brought to trial." *State v. Anthony,* R.I., 448 A.2d at 749.

Precedent therefore requires us to hold that court congestion is not justification for the remaining six or seven months of the delay.

■ The trial justice made several findings of fact that the delay during this period was not adequately explained. These findings are as follows:

1. There was a severe backlog of cases up until sometime in April 1980; prior to that time the backlog amounted to six to eight hundred cases.

2. Up to the time of the trial of this case, the Attorney General had control of the criminal calendar. The Attorney General would schedule trials in accordance with priorities that his office had

and the standards that it set up. The Attorney General also had a system of pretrial hearings.

3. Cases that were selected for trial were selected with regard to no real standard other than a standard that was set up by looking through the files and selecting cases that the assistant attorney general felt could go to trial and were thereafter tried. *Dionne* was never among those cases that were really considered for trial during the fifteen-month period. The real effort in this case came sometime in May 1979; up to that time it did not make much difference whether or not this case went to trial.

4. There was no real activity on this particular case outside the May-June 1979 period.

This court is bound by these findings of fact unless we can say that the trial justice was clearly wrong or misconceived or overlooked the evidence. *Central Falls Firefighters v. City of Central Falls*, R.I., 465 A.2d 770, 774 (1983). The trial justice stated in his decision, based upon all the testimony presented, that unnecessary delay occurred in this case and that it was not adequately explained. Our review of the record confirms this finding and compels the court to hold that the trial justice did not abuse his discretion when he dismissed the information against the defendant for unnecessary delay in bringing him to trial during the eight-month period.

The state's appeal is denied and dismissed. The judgment below is affirmed, and the papers of the case are remanded to the Superior Court.