STATE

v.

Robert MACASKILL and Lawrence Lanoue.

No. 82–521–C.A.

Supreme Court of Rhode Island.

May 4, 1984.

Dennis J. Roberts II, Atty. Gen., David H. Leach, Asst. Atty. Gen., for plaintiff.

Kirk Griffin, Boston, Mass., Charles K. Tibaldi, Providence, Richard M. Egbert, Boston, Mass., for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This case comes to us on appeal by the state from a judgment of a Superior Court justice dismissing the defendants' indictments pursuant to Rule 48(b) of the Superior Court Rules of Criminal Procedure. On January 9, 1976, a multicount secret indictment was issued against the defendants, Robert Macaskill and Lawrence Lanoue, charging them with the August 14, 1975 robbery of the Bonded Vault Company, a commercial safe-deposit company.[1] Also named in the indictment were Gerald Tillinghast, Ralph S. Byrnes, Jacob Tarzian, Charles Flynn, John Ouimette, Walter Ouimette, and Joseph Danese.

Neither Macaskill nor Lanoue had been arrested or arraigned when the other defendants' cases proceeded to trial in April of 1976. A jury subsequently convicted Byrnes, Flynn, and John Ouimette on various charges relating to their involvement in the robbery. Tillinghast, Tarzian, and Walter Ouimette were acquitted, and Danese was not tried, as he was a witness for the state. See State v. Byrnes, R.I., 433 A.2d 658 (1981).

On January 14, 1978, Lanoue was arrested and was arraigned two days later. Macaskill was arraigned on October 8, 1978. These defendants filed various motions, including speedy-trial motions. However, the motions were not considered until August 12, 1980, when a justice of the Superior Court dismissed the indictment against Macaskill, based on his challenge to the grand jury composition pursuant to our

---

1. The defendants were each charged with four counts of robbery in violation of G.L. 1956 (1969 Reenactment) § 11–39–1; five counts of kidnapping in violation of § 11–26–1; five counts of assault with a dangerous weapon in violation of § 11–5–2; one count of entry of a building in the daytime with intent to commit robbery in violation of § 11–8–3; one count of possession of burglar's tools in violation of § 11–8–7; one count of unlawful possession of firearms in violation of § 11–47–8; one count of possession of firearms while committing a crime of violence in violation of § 11–47–3; and conspiracy to commit the aforementioned unlawful acts in violation of § 11–1–1.

decision in *State v. Jenison*, R.I., 405 A.2d 3 (1979). From this ruling the state filed, but did not perfect, an appeal. Thereafter, the indictment against Lanoue was also dismissed on the basis of our opinions in *Jenison* and *State v. O'Coin*, R.I., 417 A.2d 310, *reh. denied*, R.I., 423 A.2d 1191 (1980), and an order to this effect was entered, dated October 24, 1980.

The defendants were not reindicted until December 1981. As to both defendants, the 1981 indictment was in all respects the same as the 1976 indictment. At this point, approximately sixteen months had passed since the dismissal of the indictment against Macaskill, and thirty-eight months had passed since his original arraignment. Approximately fourteen months had elapsed since the order dismissing Lanoue's 1976 indictment, and it was forty-seven months since he had been arraigned on that indictment.

A trial date was set for September 1982. Before going forward with the case, the trial justice heard arguments on defendants' timely filed motions to dismiss for lack of a speedy trial based on both constitutional claims and Rule 48(b). After a hearing, the trial justice found that defendants had established a prima facie case of unnecessary delay and that the burden of explaining the delay then shifted to the state.[2]

The state, in order to justify the delay, introduced the testimony of Bonnie Williamson, calendar coordinator of the Providence County Superior Court. Ms. Williamson testified about the procedure used to schedule cases for trial, giving an approximate time-frame for each procedural step. She also testified about record-keeping provisions of the Superior Court. However, Ms. Williamson was unable to testify in regard to any facts pertaining to defendants' cases. The trial justice subsequently granted defendants' motion to strike this testimony as irrelevant.

The defendants requested that the court rule on the Rule 48(b) issue before considering the constitutional claims. The state objected and requested that he first consider both the Rule 48(b) and the speedy-trial motions before making his decision. The trial justice ruled on the Rule 48(b) motions without ever considering the constitutional claims for a speedy trial. In reaching a decision on Rule 48(b), the trial justice computed the period of delay to be the period from defendants' arrests to the scheduled trial date—a period of four years. He thereupon dismissed the indictments, finding this period of delay to be unnecessary and totally unexplained by the state.

On appeal, the state challenges several rulings made by the trial justice, (1) whether Rule 48(b) applies to any delay occurring prior to the 1981 reindictments; (2) if Rule 48(b) commenced prior to the 1981 reindictments, whether it commenced prior to the 1976 indictment or the 1978 arrests; (3) whether defendants can be held responsible for any of the delay; and (4) whether the delay was unnecessary.

I

The right to a speedy trial provided by Rule 48(b) is broader than that guaranteed by the Federal and State Constitutions. *State v. Paquette*, 117 R.I. 505, 510, 368 A.2d 566, 569 (1977); *State v. Grover*, 112 R.I. 649, 651, 314 A.2d 138, 139 (1974). The rule provides that, "[i]f there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment * * *." The sole factor to be considered is whether the delay was necessary. The defendant is only required to show that he or she is not responsible for any of the delay in order to establish a prima facie case of unnecessary delay; the burden of justifying the delay then shifts to the state. Because Rule 48(b) vests great discretion in the trial court, a trial justice's dismissal

---

**2.** The state argues that it is not clear whether the trial justice dismissed the case on Super.R. Crim.P. 48(b) or speedy trial grounds. A review of the record indicates that the case was dismissed under Rule 48(b) as the trial justice never reached the constitutional issues.

will not be set aside on appeal absent a clear abuse of discretion. *State v. Austin,* R.I., 462 A.2d 359, 364 (1983); *State v. Wilmot,* R.I., 461 A.2d 401, 404 (1983); *State v. Anthony,* R.I., 448 A.2d 744, 747 (1982); *State v. Dionne,* R.I., 442 A.2d 876, 881 (1982).

The state's initial argument is that the dismissal of defendants' indictments was a clear abuse of discretion because the trial justice considered a period of time prior to the 1981 indictment as part of the period of unnecessary pretrial delay. The state asserts that by tacking this pre-1981 period onto the period subsequent to the reindictment was error because only the charges stemming from the 1981 indictment were before the court.

This case is not novel in its consideration of a period of delay that includes a period of time stemming from a previously dismissed indictment. In *State v. Charette,* R.I., 434 A.2d 280 (1981), the defendant was arrested for an incident involving the poisoning of his infant son in October of 1976. In December 1976 a grand jury returned an indictment charging defendant with mingling a poison with drink with intent to murder, in violation of G.L. 1956 (1969 Reenactment) § 11–16–5. Subsequently, in July of 1978, the state charged defendant by information with assault with intent to commit murder, in violation of § 11–5–1, dismissing the original indictment on September 21, 1978, because of factual problems in establishing the elements of the crime charged. *State v. Charette,* R.I., 434 A.2d at 284. The case proceeded to trial on April 18, 1979. In computing the period of delay for purposes of Rule 48(b), the trial justice, as did this court on appeal, found the period of delay to be two and one-half years, the period between arrest and trial. *Id.* This court accepted the trial court's determination that the delay commenced with the original indictment. Indeed, we stated that, "[t]he delay in the commencement of defendant's trial in this case is in part explained by the

technical flaw in the original indictment." *Id.*

■ In the case at bar, the trial justice, in determining the period of delay for purposes of the Rule 48(b) motion, found that only one case existed against Macaskill and Lanoue. He stated that it was unrealistic to say that a "new case" against defendants existed because it rested entirely on the same facts as the 1976 indictment. The state failed to explain why this conclusion was clearly wrong. The state did not demonstrate a single difference between the two indictments. Indeed, it appears that there would have been only one indictment but for the constitutionally defective grand jury that returned the 1976 indictment. Thus, we find no abuse of discretion by the trial justice on this issue.

■ The state's argument that this issue is controlled by *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), may be summarily rejected. *MacDonald* is limited to a speedy-trial claim under the Sixth Amendment to the United States Constitution when "the Government, acting in good faith, formally drops charges" and subsequently reindicts when it gathers new evidence. *Id.* at 7, 102 S.Ct. at 1501, 71 L.Ed.2d at 703. In the instant case, the first dismissal was not commenced by the government in a good-faith belief that there was insufficient evidence to convict. Instead, the charges were dismissed because of an illegally constituted grand jury. The subsequent indictment was based on the same, and not newly discovered evidence. Moreover, the second dismissal was based on Rule 48(b), which offers broader relief than does the Federal or State Constitution. *E.g., State v. Paquette,* 117 R.I. at 510, 368 A.2d at 569.

■ The state's argument that the reporter's notes to Rule 48(b) support its claim that delay prior to reindictment cannot be considered is also without merit. The notes state that Rule 48(b) differs from its federal counterpart in that, "[i]t does

not provide for dismissal where there is delay in presenting the charge to a grand jury." A clear reading of this comment reveals that it refers to delay in initially presenting a charge to the grand jury and not to delay in obtaining a second indictment when the original indictment was dismissed by the court. In any event, we are not bound by reporter's notes in applying the rule. *See State v. Grover*, 112 R.I. at 651, 314 A.2d at 139.

## II

The state claims that the trial justice erred in failing to find that defendants were responsible for the delay of approximately two years between indictment and arrest. The defendants' claim that because there is no evidence that they deliberately fled the jurisdiction or evaded arrest exists they cannot be assessed with this delay. We cannot agree.

 It is fundamental that in order to establish a prima facie case of delay under Rule 48(b), a defendant must first establish that he or she is not responsible for the delay. *E.g., State v. Brady*, R.I., 436 A.2d 717, 718 (1981); *State v. Paquette*, 117 R.I. at 511, 368 A.2d at 569. It is clear that the defendants, and not the state, carried the burden of explaining their presence during those two years. The Bonded Vault trial was highly publicized. We cannot presume that defendants simply did not hear for approximately two years that they had been indicted. Had the defendants been arrested with their codefendants, they would have received a prompt trial.[3] A two-year period of time is hardly minimal. Thus, we find that the trial justice was clearly wrong in finding that the defendants had established a prima facie case of delay for the purpose of Rule 48(b) after the defendants' failure to demonstrate that they were not responsible for any of the delay occurring between their indictments and their respective arrests. *See State v. Fortier*, R.I., 427 A.2d 1317, 1323 (1981).

We therefore find that the trial justice abused his discretion in granting the defendants' motions to dismiss under Rule 48(b).

The state's appeal is sustained, the judgment appealed from is vacated, and the papers in this case are remanded to the Superior Court for proceedings consistent with this opinion.

---

**3.** Jury selection began on April 12, 1976, just three months after the original indictments

were returned. *See State v. Byrnes*, R.I., 433 A.2d 658, 662 (1981).