**STATE**

v.

**Leroy ISAAC.**

**No. 83–139–C.A.**

Supreme Court of Rhode Island.

May 15, 1984.

Reargument Denied June 14, 1984.

Dennis J. Roberts II, Atty. Gen., Barry N. Capalbo, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Chief, Appellate Div., for defendant.

## OPINION

MURRAY, Justice.

This is an appeal from the defendant's conviction of robbery, in violation of G.L. 1956 (1981 Reenactment) § 11–39–1. This case was heard together with *State v. Rodriguez*, No. 83–285 C.A. due to the existence of a common and central issue. However, both cases also involve an additional, distinct question of law, and for this reason separate opinions will be issued.

The defendant, Leroy Isaac, was indicted for the robbery of Robert N. Beckett. He and a codefendant were arraigned on June 17, 1981, and both pleaded not guilty. The case was reached on the Superior Court trial calendar on September 28, 1981, but the state was not ready for trial. The trial commenced on November 5, 1981, but a mistrial was declared on the following day on the grounds that the state had improperly exercised peremptory jury challenges. In December 1981 the case was called ready for the second trial, but was not reached, and in January 1982 the state delayed because the codefendant had not appeared. The codefendant eventually pleaded nolo contendere to a reduced charge. The case was simply not reached on the March 1982 and May 1982 calendars, and when the case was reached in June 1982, the state's motion for a continuance was granted because of an unavailable witness. Defense counsel, over this period, moved on four occasions to dismiss for want of a speedy trial. The second trial finally commenced on August 12, 1982, following denial of defendant's motion to dismiss the indictment, pursuant to Rule 48(b) of the Superior Court Rules of Criminal Procedure, for unnecessary delay in bringing defendant to trial.

Defense counsel contends that the state's primary witness at trial made statements inconsistent with that witness's prior testimony and statements. At the close of all the evidence, defense counsel submitted, among numerous others, two written instructions explaining impeachment by prior

inconsistent statement. The trial justice refused to use either of these instructions and instead, without specific mention of impeachment by prior inconsistent statement, charged the jury in general terms of credibility. The jury returned a verdict of guilty.

The defendant alleges two errors on appeal: (1) that the trial justice abused his discretion in denying defendant's Rule 48(b) motion to dismiss, and (2) that the trial justice's failure to instruct the jury that a witness can be impeached by evidence of prior inconsistent statements constituted reversible error. We find no merit in either of these contentions and affirm defendant's conviction.

I

*The Rule 48(b) Motion*

We note at the outset that, although defense counsel made numerous motions to dismiss for want of a speedy trial, defendant's brief alleges as error only the trial justice's denial of the Rule 48(b) motion. Thus, we have no occasion to review the trial justice's denials of the speedy-trial motions.

█ The Sixth Amendment to the United States Constitution and art. I, sec. 10 of the Rhode Island Constitution guarantee to a criminal defendant the right to a speedy trial. Rule 48(b) was designed to implement that right. *State v. Baccaire,* R.I., 470 A.2d 1147, 1149 (1984); *State v. Wilmot,* R.I., 461 A.2d 401, 404 (1983); *State v. Anthony,* R.I., 448 A.2d 744, 747 (1982). However, the statutory right conferred by Rule 48(b) is actually far broader in scope than the constitutional guarantees from which it is derived. *State v. Baccaire,* 470 A.2d at 1149; *State v. Austin,* R.I., 462 A.2d 359, 364 (1983); *State v. Wilmot,* 461 A.2d at 404; *State v. Anthony,* 448 A.2d at 747; *State v. Brady,* R.I., 436 A.2d 717, 717 (1981); *State v. Paquette,* 117 R.I. 505, 510–11, 368 A.2d 566, 569 (1977); *State v. Grover,* 112 R.I. 649, 651, 314 A.2d 138, 139 (1974). As compared to the constitutional

provisions, Rule 48(b) "places a greater burden on the prosecution to bring a defendant to trial with a minimum of delay, and permits dismissal of an indictment even though there has been no constitutional violation." *State v. Baccaire,* 470 A.2d at 1149–50 (quoting *State v. Paquette,* 117 R.I. 505, 511, 368 A.2d 566, 569 (1977)).

█ By its terms Rule 48(b) confers upon the Superior Court the power to dismiss an indictment, information, or complaint solely because of unnecessary delay in bringing a defendant to trial. *State v. Baccaire,* 470 A.2d at 1149; *State v. Wilmot,* 461 A.2d at 404; *State v. Anthony,* 448 A.2d at 747. To establish a prima facie case of unnecessary delay, a defendant need only show that he or she is not responsible for any part of the delay in question; the burden then shifts to the state, which can rebut that presumption of unnecessary delay by showing justification for its failure to bring defendant promptly to trial. *State v. Baccaire,* 470 A.2d at 1150; *see also State v. Wilmot,* 461 A.2d at 404. We have repeatedly stated that, because a motion under this rule is addressed to the sound discretion of the court, the trial justice's ruling will be set aside on appeal only if it constitutes a clear abuse of such discretion. *State v. Baccaire,* 470 A.2d at 1150; *State v. Wilmot,* 461 A.2d at 404; *State v. Anthony,* 448 A.2d at 747.

█ The defendant contends, and the state evidently agrees, that none of the delay in this case is attributable to him. Thus, the state is faced with the burden of justifying any delay. The state, in arguing that the delay in bringing defendant to trial was neither unreasonable nor prejudicial, misunderstands the precise application of Rule 48(b). The focus of inquiry under the rule is not the reasonableness of the delay but its necessity, *State v. Brady,* 436 A.2d at 718, and a defendant need not make a showing of prejudice to prevail on any such motion to dismiss. *Id.; State v. Paquette,* 117 R.I. at 511, 368 A.2d at 569. Despite this misunderstanding, however, the reasons set forth by the state in attempting to

justify the delay make it clear "that the delay was necessary and that the alleged dilatory conduct was not contrived for the purpose of giving the state an advantage * * *." *State v. Paquette*, 117 R.I. at 511, 368 A.2d at 569.

■ The total delay in this case, measured from the date of defendant's arraignment to the commencement of the second trial, was almost fourteen months. The state argues that for purposes of Rule 48(b) analysis, the relevant period of time by which to measure delay is the interval between the mistrial and the second trial, a period of about nine months. Though such a measure would relieve the state from justifying the delay caused by the mistrial, the mistrial was sought by defendant and thus we find any resulting delay justifiable.[1]

■ With regard to the state's argument that it was not ready for trial on September 17, 1981, we conclude that the three months between the June 17, 1981 arraignment and the September 1981 calendar call may well have been insufficient for the state to prepare a case, and accordingly the delay resulting from the granted continuance was necessary. In addition, court congestion prevented the case from being reached on three subsequent occasions.

■ The delay occasioned by the state's refusal to sever the case due to the absence of the codefendant was also necessary. We have recognized that "the state has a significant interest in avoiding a duplicity of trials for joint defendants * * *." *State*

*v. Anthony*, 448 A.2d at 748. Although we held in *Anthony* that this interest was not substantial enough to warrant the passage of almost three years before defendant was brought to trial, the delay in the present case was significantly less. We are not prepared to state that the trial justice, whose first-hand familiarity with the facts and circumstances surrounding the procedural history of this case is entitled to great deference, abused his discretion in finding the delay justified and necessary.

■ The same rationale applies to the delay caused by the continuance granted to the state because of an unavailable witness. The trial justice is in the best position to assess the necessity of such a continuance, and we are not convinced that he abused his discretion in this regard. *Cf. State v. Fortier*, R.I., 427 A.2d 1317, 1323 (1981) (holding that the trial justice did not abuse his discretion in granting the state's request for a continuance).

Accordingly, we conclude that the trial justice's denial of defendant's Rule 48(b) motion to dismiss did not amount to a clear abuse of discretion.

## II

### *The Requested Instruction on Prior Inconsistent Statements*

Defense counsel requested two instructions explaining specifically impeachment of a witness through evidence of prior inconsistent statements.[2] Though the state

---

1. We would find to the contrary if defendant could show that the state deliberately made improper peremptory challenges in the aim of causing a delay. However, no such allegation has been made here. It would seem odd that the state would resort to such conduct without first seeking a continuance, and no continuance was sought by the state immediately prior to commencement of the trial.

2. Defense counsel requested the following instructions:
"REQUEST NO. 9. A witness may be impeached and discredited by contradictory evidence, or by evidence that at other times he has made statements inconsistent with his present

testimony. A witness may also be impeached and discredited by evidence that at other times he has failed to make statements consistent with his present testimony. If you believe any witness has been impeached, it is your province to give his testimony such credibility as you may think it deserves."
"REQUEST NO. 14. In determining the credibility of a witness, you may consider the following:
The existence or nonexistence of a bias, interest, or other motive.
A statement made by him or her that is inconsistent with any part of his or her testimony.
The existence or nonexistence of any fact testified to by him or her.

argues forcefully that defense counsel failed to preserve for appeal the trial justice's refusal to instruct in accordance with the second of these instructions, any such failure would lend no support to the state in this case. Both requested instructions were substantially similar in content with respect to impeachment by prior inconsistent statement, and thus the proper preservation of one would allow us to address the question of whether the trial justice's failure to instruct in this regard constituted reversible error. There is no question, and the state concedes, that defense counsel properly preserved for appeal the trial justice's refusal to charge in accordance with the first of the two requested instructions.

 Prior inconsistent statements are admissible not for their substantive or independent testimonial value but only for the purpose of impeaching or neutralizing at-trial testimony. *State v. Roddy*, R.I., 401 A.2d 23, 35 (1979); *State v. LaPlume*, 118 R.I. 670, 680–81, 375 A.2d 938, 942–43 (1977); *State v. Bowden*, 113 R.I. 649, 661, 324 A.2d 631, 639 (1974). *See* Super.R. Crim.P. 26.1(c).[3] A witness's testimony at trial may be impeached or discredited by the admission into evidence, for the above-stated limited purpose, of prior statements made by the witness which are inconsistent with his trial testimony. *State v. Cianci*, R.I., 430 A.2d 756, 762 (1981); *State v. LaPlume*, 118 R.I. at 680, 375 A.2d at 942.

 A trial justice is not always required to instruct on the effect of impeachment by evidence of prior inconsistent statements. The Supreme Court of Connecticut has held that, in order for a requested instruction to be applicable to the issues in a case, there must be evidence to support defendant's assertion that the credibility of the witness is actually in question.

His or her attitude toward the action in which he or she testifies or toward the giving of testimony.

His or her admission of untruthfulness."

**3.** Rule 26.1(c) of the Superior Court Rules of Criminal Procedure provides:

*State v. Cooper*, 182 Conn. 207, 211–213, 438 A.2d 418, 421 (1980). We adopt that rationale and hold that a trial justice must charge, when requested, on the effect of impeachment by evidence of prior inconsistent statements *only when the evidence so warrants.*

 When a prior inconsistent statement is admitted, the trial justice is required to give a limiting instruction to the effect that the prior inconsistent statement can be considered by the jury not for its substantive content but only for evaluating the witness's credibility. *State v. Vargas*, R.I., 420 A.2d 809, 813 (1980). Such an instruction may be given either at the time of admission of the statement or in the charge to the jury at the close of all the evidence, at the discretion of the trial justice. *Id.; see State v. Quattrochi*, 103 R.I. 115, 123–24, 235 A.2d 99, 104 (1967).

 In the present case, defense counsel did not request an immediate limiting instruction, but instead submitted requested instructions in the belief that these adequately covered the prior inconsistent-statement issue. Counsel objected to the trial justice's denial of these requests on the ground that the charge as given included no specific mention of the use of prior inconsistent statements for witness impeachment. Either request, according to defendant, would have accomplished this.

However, these requests were not specific enough, as they contained no language with regard to the limited use of prior inconsistent statements. As we concluded in *State v. Vargas, supra*, such a limiting instruction is required when a prior inconsistent statement is admitted to impeach the credibility of a witness. The requested instructions should have explained the limited purposes for which a prior inconsistent

"A statement may be used at the trial only to impeach the credibility of a witness by demonstrating a material variance between the testimony of the witness and his prior statement."

statement is admitted. Neither request contained any such language, and the charge as given, in effect, adequately covered the substance of defendant's requests. Accordingly, defendant's objection to the denial by the trial justice of defendant's requested instructions is without merit.

It is true that the charge as given did not include language explaining the limited use of prior inconsistent statements. However, defense counsel's objection to the charge as given was grounded on the absence in that charge of language specifically instructing that a witness can be impeached by evidence of prior inconsistent statements. Defense counsel did not object to, and does not address in its brief, the trial justice's failure to include a "limited use" instruction. Thus, we will not raise the issue sua sponte on appeal.[4]

We hold that (1) the trial justice did not abuse his discretion in denying the defendant's Rule 48(b) motion to dismiss; and (2) the trial justice's denial of instructions requested by the defendant did not constitute reversible error.

The defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

---

**4.** Rule 30 of Super.R.Crim.P. provides, in pertinent part:

"No party may assign as error any portion of the charge or omission $therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."