DECISION
Defendant Limoges has filed a motion to dismiss pursuant to Super.Ct.R. 9.1 and R.I.G.L. § 12-12-1.7. Although the motion as originally filed sought to dismiss count 2 as well as count 1, the challenge as to count 2 has been withdrawn. Accordingly, I address only defendant's claim that the facts giving the rise to the allegation contained in count 1 do not constitute a breaking and entering of a dwelling house.
In sum, defendant claims that because the farmhouse of John Wilcox (which defendant was engaged in repairing) was not occupied, any entry by him to remove tools or for other purpose could not constitute a violation of § 11-8-2. This is because, defendant argues, the structure was not a dwelling house within the meaning of the statute. The Court disagrees.
It is clear that the offense defined in § 11-8-2 goes well beyond the parameters of common law burglary. Specifically, the Court notes that buildings protected by the statute include outbuildings and garages as well as every form of structure designed for habitation. It is undisputed that the structure in question is an old farmhouse, that is, a structure built for the specific purpose of human habitation even if at some remote time. The structure, apparently having been in the Wilcox family for some years, was again intended to be a place of habitation by the owner-victim of the alleged break. Although the farmhouse was neither furnished nor occupied at the time of the alleged offense, it is clear from both direct and circumstantial evidence contained within the information package that Wilcox intended to utilize the structure as a place of human habitation. Accordingly, I find that the structure comes within the ambit of the statute.
A dwelling house need not be occupied at the time of the alleged offense in order for the statute to be operable. This is clear from not only the express language of the statute ("occupied or unoccupied dwelling house") but established law of the Rhode Island Supreme Court. See State v. Baccaire, 470 A.2d 1147, 1149 (R.I. 1984); State v. Gordon,415 A.2d 183, 184 (R.I. 1980).
Despite defendant's well researched memorandum in support of his motion, I find his reference to ancient English law to lack persuasion. The central point of defendant's reliance on early English law is to illustrate what was then common law burglary. I find that the Rhode Island statute in question is much broader in affording protection to not only current inhabitants but those who intend to return and utilize the subject structure for habitation. See generally 85 A.L.R. 428.
The Wilcox farmhouse was intended for future habitation by the owner. It was likewise designed and apparently previously used as a place of habitation. Accordingly, I find that the protections afforded under R.I.G.L. § 8-8-2 should be afforded the structure and its owner. In accordance with R.I.G.L. § 12-12-1.9, I find that the information package contains probable cause that a violation of R.I.G.L. § 11-8-2
was committed.